UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| KANDI L. SPOORS, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:10-cv-474 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____) | |

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits.

Plaintiff filed her applications for DIB and SSI benefits on June 28, 2007, alleging a September 6, 2006 onset of disability.[1] (A.R. 111-13, 150-53). Her claims for benefits were denied on initial review. (A.R. 71-78). On September 9, 2009, plaintiff received an administrative hearing where she was represented by a non-attorney advocate. (A.R. 26-66). On September 25, 2009, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 10-19). On March 19, 2010, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

---

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, July 2007 is plaintiff's earliest possible entitlement to SSI benefits.

On May 17, 2010, plaintiff filed her complaint seeking judicial review of the Commissioner's decision. Plaintiff asks the court to overturn the Commissioner's decision on two grounds:

1. The ALJ committed reversible error by not properly considering plaintiff's reasonable complaints of pain; and

2. The ALJ did not have substantial evidence supporting his finding that plaintiff could perform fine and gross manipulation on a sustained basis.

(Plf. Brief at 14, Statement of Errors, docket # 11). Alternatively, plaintiff asks the court to remand this matter for consideration of new evidence under sentence six of 42 U.S.C. § 405(g). Upon review, I recommend that plaintiff's motion to remand this case to the Commissioner be denied. I further recommend that the Commissioner's decision be affirmed.

### **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any

fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from her alleged onset of disability through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity on or after September 6, 2006. (A.R. 12). The ALJ found that plaintiff had the following severe impairments: "residuals from bilateral wrist ligament surgeries and bilateral ulnar impingement syndrome." (A.R. 12). Plaintiff did not have an

impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 15). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with lifting and carrying up to ten pounds, walking/standing up to eight hours in each eight-hour workday; sitting up to eight hours in an eight-hour workday, and no repetitive gripping, grasping or pinching. The claimant cannot twist her wrists on a repetitive basis.

(A.R. 15). The ALJ found that plaintiff's testimony regarding her subjective limitations was not fully credible:

> At the hearing, the claimant testified that she quit working in June of 2007, and developed more pain in her wrists after her surgeries. She testified that she had pain with twisting her wrists, had stabbing pain in her thumbs, and had some tingling in her fingers.
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> In June 2007 the claimant stated that she was able to drive up to an hour without pain, drove every other weekend to Dorr, Michigan to visit her daughter, cared for two children at home, tended a garden, and cared for two dogs. She typed her disability reports (Exhibit 3E)[A.R. 164-74]. In August 2007 the claimant stated that she had a boyfriend, cared for her children and dogs, cared for her own personal and physical needs without assistance or reminder, prepared meals daily, dusted weekly, swept the kitchen daily, and folded laundry, drove, went shopping once a week, paid bills, and enjoyed reading, playing ball with her dogs and going for walks. She also stated that she was able to count change and handle bank accounts (Exhibit 5E)[A.R. 187-94]. The claimant stated in November 2006 that she did not return to work as advised, but was working around the house and doing a variety of daily activities. She was not wearing a splint or straps (Exhibit 2F)[A.R. 444]. In December 2006 the claimant stated that she did activities around the house, lifted laundry baskets, did gardening, cared for her two dogs and a large liter of puppies, and was an artist doing painting including wall painting such as murals (Exhibit 2F)[A.R. 463-72]. The claimant stated in January 2008 that she smoked six cigarettes a day. She was able to read, write, pick up a coin, button a shirt, open a door, get on/off an examination table, heel and toe walk, and squat (Exhibit

>    9F)[A.R. 526-28 ].  The claimant stated in May 2009 that she was very active, had a number of dogs at home that she cared for, and did not get much rest (Exhibit 13F)[A.R. 547].
>
>    At the hearing, the claimant testified that she could no longer train dogs, wash her hair, button, put on earrings, and needed wrist braces for driving.  She testified that she was able to hold a pencil for five minutes, write a short message, help her children care for 8 dogs, supervise her children cooking, open a door, brush her teeth, pick up a coin, hold a glass, turn the key in the ignition of her truck, fasten a bra, tie shoes, lift and pour a gallon of milk, and butter toast [A.R. 29-61].
>
>    The records indicate that the claimant injured her wrists, but is still able to participate in a wide range of activities including gardening, painting and raising puppies.  In November 2006 the claimant was using only over-the-counter Motrin for her pain and was not wearing her splints or straps.  She had minimal pain over the left wrist, full range of motion of the fingers and wrists bilaterally without pain, and no instability [A.R. 351].  In December 2006 the claimant was not in any acute distress and an objective examination of the left wrist was normal [A.R. 467-69].  In January 2008 the claimant had decreased left wrist motion, but no tenderness, erythema, or effusion of any joint. The claimant was able to pick up a coin, button a shirt, open a door, get on/off an examination table, heel and toe walk, and squat [A.R. 526-28].  In December 2006, the claimant stated that Dr. Baker, the company physician, advised her in November 2006, that he did not feel that she would ever be able to return to factory work, but Dr. Sebright reported that he did not find any information to this effect in the medical documents of Dr. Baker.  Instead, Dr. Baker indicated that the claimant felt that she was not able to do production work.  Dr. Sebright further reported that the claimant did not require restrictions referable to either hand or wrist, and there was no medical reason for the claimant to wear wrist splints.  Dr. Sebright concluded that after reviewing the job description for the claimant['s] work as a Preplate Loader or Unloader that there was no reason why the claimant could not resume those activities  [A.R. 470-72].  Dr. Petersen opined in July 2009 [] that the claimant was going to be permanently limited from activities that would require repetitive wrist flexion and extension and repetitive gripping, but could lift up to ten pounds on a regular basis . . . [A.R. 550].
>
>    In sum, the claimant is able to sit, stand and walk eight hours each in an eight-hour workday and lift up to ten pounds, but is limited in her ability to grip, grasp, pinch and turn her wrists.

(A.R. 16-17).  The ALJ found that plaintiff was unable to perform her past relevant work. (A.R. 17).

Plaintiff was born on July 7, 1972.  She was 34 years old on the date of her alleged onset of disability and 37 years old as of the date of the ALJ's decision.  Thus, at all times relevant to her claims for DIB and SSI benefits she was classified as a younger individual. (A.R. 17).  Plaintiff has at least a

high-school education and is able to communicate in English. (A.R. 17).  The transferability of jobs skills was not material to a disability determination.  (A.R. 18).  The ALJ then turned to the testimony of a vocational expert (VE).  In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the VE testified that there were approximately 27,800 jobs in the State of Michigan that the hypothetical person would be capable of performing.  (A.R. 63-65).  The ALJ found that this constituted a significant number of jobs.  (A.R. 18).  Using Rule 202.21 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled.  (A.R. 18-19).

**1.**

Plaintiff's arguments are based on evidence that she never presented to the ALJ.  (Plf. Brief at 10, 14-15; Reply Brief at 2).  This is patently improper.  It is clearly established law within the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review.  This court must base its review of the ALJ's decision upon the administrative record presented to the ALJ.  The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence presented to the ALJ.  *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Osburn v. Apfel*, No. 98-1784, 1999 WL 503528, at * 4 (6th Cir. July 9, 1999) ("Since we may only review the evidence that was available to the ALJ to determine whether substantial evidence

supported [his] decision, we cannot consider evidence newly submitted on appeal after a hearing before the ALJ."). The court is not authorized to consider plaintiff's proposed additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline*, 96 F.3d at 148.

The last sentence of plaintiff's brief contains a passing request for alternative relief in the form of remand to the Commissioner "pursuant to either Sentence Four or Sentence Six of 42 U.S.C. Section 405(g)." (Plf. Brief at 17). Plaintiff's reply brief concludes with an identical request. (Reply Brief at 3). "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)). The court cannot consider evidence that was not submitted to the ALJ in the sentence four context. It only can consider such evidence in determining whether a sentence six remand is appropriate. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Foster v. Halter*, 279 F.3d at 357.

Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence she now presents in support of a remand is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see Ferguson v. Commissioner*, 628 F.3d 269, 276 (6th Cir. 2010). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. The proffered August 21,

2009 progress notes from Parut R. Bhimalli, M.D. (A.R. 572-73) are not new because they were created more than a month before the ALJ's September 25, 2009 decision. *See Ferguson*, 628 F.3d at 276; *Hollon*, 447 F.3d at 483-84.

Plaintiff has not shown good cause. The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Ferguson*, 628 F.3d at 276. The ALJ asked plaintiff's representative, Ms. Janine Brayton, whether the record should be left open to allow plaintiff to submit the results of a then-recent examination by Dr. Bhimalli. Ms. Brayton's response indicated that the ALJ should proceed without them:

> ALJ: I understand there was a late filing of a notice indicating that there was a pain management contact with a Dr., is it Bimoli [phonetic]?
>
> REP: Yes.
>
> ALJ: Has there actually been an appointment --
>
> REP: Yes.
>
> ALJ: -- with that doctor?
>
> REP: Yes, we were unable to get those notes though.
>
> ALJ: Do you intend to submit them post hearing or, or, or not?
>
> REP: I don't think you'll need them.
>
> ALJ: Okay.

(A.R. 28).

Plaintiff's attorney on appeal emphasizes that it is not his fault that Dr. Bhimalli's notes regarding the August 21, 2009 examination were not presented to the ALJ, and that he does

not know why plaintiff's representative did not submit the progress notes. He speculates that plaintiff "could have been prejudiced" by ineffective representation:

> Frankly, since Plaintiff's current attorney did not represent her before this stage of the case, he cannot truly tell when the evidence was in fact submitted since there is a great deal of duplication in this Record, but in any event, if that particular record was not submitted, it was not due to the fault of this representative, but was either unavoidable and/or unavailable to her representative at trial [sic]. Alternatively, Plaintiff could have been prejudiced by ineffective representation at the hearing level on this point if the records from the pain specialist were available and simply not submitted to the ALJ. *SEE Arms v Gardner*, 353 F.2d 197, 199 (6th Cir. 1965), where a claimant received ineffective representation and was thus entitled to remand for a new hearing. With regard to the issue of whether this Court should consider the records from the pain specialist, the decision in *Cotton v Sullivan*, 2 F.3d 692 (6th Cir. 1992), outlines the criteria which this Court must follow in determining whether to consider that evidence as part of this case. Without going into a detailed analysis of *Cotton*,[2] Plaintiff would nevertheless contend that this evidence certainly was generated very close to the hearing date and very well may not have been available then, and since the Decision in this case was generated very soon after the hearing (and barely one month after the treatment with the pain specialist), that this Court would be entitled to consider this evidence.

(Plf. Brief at 14-15). Further, plaintiff's attorney argues that her representative "could not have had any sound legal reasoning" for instructing the ALJ to proceed without Dr. Bhimalli's notes and that remand for consideration of this evidence "may be appropriate" under *Arms v. Gardner*, 353 F.2d 197 (6th Cir. 1965):

> [Plaintiff's attorney] does not know and cannot tell why the highly relevant record from the pain specialist (Dr. Bhimalli) was not filed with the ALJ before he issued his Decision. Obviously, given the Plaintiff's age and the nature of her impairment, the only way that she would have been eligible for Social Security Benefits would have been if her arm impairment would have been so painful as to make her unable to concentrate on even simple work, since she did not have sitting, standing or walking limitations. Thus, not filing such relevant and important evidence before the ALJ issued his Decision could not have had any sound legal reasoning behind it, which means that the *Arms* case may apply here.

---

[2]*Cotton* and numerous other Sixth Circuit cases **prohibit** this court from considering evidence that was not presented to the ALJ. *See Cotton*, 2 F.3d at 696; *see also Jones v. Commissioner*, 336 F.3d at 478.

(Reply Brief at 2). Plaintiff's arguments fall far short of establishing good cause. It was incumbent on plaintiff's current attorney to contact her former representative and obtain an explanation for the decision not to submit Dr. Bhimalli's August 21, 2009 progress notes. Counsel's lack of knowledge cannot possibly carry plaintiff's burden of explaining why this evidence was not obtained earlier and presented to the ALJ before his decision.

Plaintiff's argument that her representative's decision not to submit Dr. Bhimalli's records "may have been" ineffective assistance of counsel is patently meritless. It is well established that there is no constitutional right to counsel at an administrative hearing on a claim for social security benefits. *See Goldburg v. Kelly*, 397 U.S. 254, 270-71 (1970). Claimants may represent themselves or be represented by attorneys or non-attorneys. 20 C.F.R. §§ 404.1705, 416.1505; *see Kidd v. Commissioner*, 283 F. App'x 336, 345 (6th Cir. 2008); *Nichols v. Commissioner*, No. 1:09-cv-1091, 2010 WL 5178069, at * 6 (W.D. Mich. Nov. 18, 2010). Ms. Brayton, a non-attorney, represented plaintiff at her administrative hearing.[3] The most obvious reason for Ms. Brayton's decision to instruct the ALJ to proceed without Dr. Bhimalli's progress notes is the fact that the physician's objective findings undercut plaintiff's disability claims. Upon examination, Dr. Bhimalli found that the flexion and extension of plaintiff's wrists were within normal limits. Sensation was equal and intact on both sides. Her muscle strength was 5/5. Her skin temperature was normal and equal on both sides. Plaintiff had no muscle atrophy. Dr. Bhimalli concluded, "In my opinion, the patient has a chronic bilateral wrist arthropathy. No impingement and neuropathic pain." (A.R. 572-73).

---

[3]Plaintiff is bound by the acts and omissions of her chosen legal representative. *See Kellum v. Commissioner*, 295 F. App'x 47, 50 (6th Cir. 2008); *see also Link v. Wabash R. R. Co.*, 370 U.S. 626, 633-34 (1962); *Zabala v. Astrue*, 595 F.3d 402, 408-09 (2d Cir. 2010).

Plaintiff's reliance on the Sixth Circuit decision in *Arms v. Gardner*, 353 F.2d 197 (6th Cir. 1965) (per curiam), is misplaced, because that decision has not been viable in the sentence-six remand context for more than three decades. The 1980 amendment to sentence six of section 405(g) and the Supreme Court's decision in *Melkonyan v. Sullivan*, 501 U.S. 89 (1991), make pellucid that the Sixth Circuit's 46-year-old *Arms v. Gardner* decision cannot apply in the context of a sentence-six remand motion. In *Arms*, the Sixth Circuit held that the claimant did not receive proper legal representation at an ALJ hearing. "[H]is attorney failed and was admittedly unable to give him the legal assistance he should have had to present his evidence and cross-examine the witnesses produced at the hearing to contradict his claims." *Id.* at 199. The Sixth Circuit remanded the matter to the Secretary of Health, Education and Welfare without addressing the statutory basis for its remand order. *Id.* Such unexplained remand orders were common in the 1960's and 70's, but have not occurred for decades. Congress amended sentence six in 1980 because it believed that courts were frequently remanding social security cases without good reason. *Melkonyan*, 501 U.S. at 101. Congress made it "unmistakably clear" that it was limiting the courts' power to order remands for "new evidence" in social security cases. 501 U.S. at 100-01. Since 1980, the statute has allowed only two types of remand: sentence four and sentence six. *Hollon*, 447 F.3d at 486 (citing *Melkonyan*, 501 U.S. at 99-100). Plaintiff's legally and factually unsupported assertions that her representative "may have been ineffective" do not establish good cause.

Finally, in order to establish materiality, plaintiff must show that the introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Ferguson*, 628 F.3d at 276. Dr. Bhimalli conducted his initial examination on August 21, 2009. He recorded plaintiff's list of subjective complaints. (A.R. 572). He noted that the MRI of

plaintiff's right arm showed no gross malallignment.  Her medial and ulnar nerves did not appear to be enlarged.  Her x-rays showed a "successful right wrist artho-synthesis, a communicating defect is present in the lunotriqueteral ligament."  (A.R. 573).  The results of plaintiff's physical examination were normal.  (A.R. 573).  The proffered evidence from Dr. Bhimalli supports the Commissioner's decision finding that plaintiff was not disabled.  It would not have reasonably persuaded the Commissioner to reach a different decision on the issue of whether plaintiff was disabled on or before September 25, 2009.

Plaintiff has not demonstrated that remand pursuant to sentence six of  42 U.S.C. § 405(g) is warranted.  I recommend that plaintiff's motion for a sentence six remand be denied.  Plaintiff's arguments must be evaluated on the record presented to the ALJ.

**2.**

Plaintiff disagrees with the ALJ's factual finding that her testimony regarding the intensity, persistence, and limiting effects of her symptoms was not entirely credible.  (Plf. Brief at 14-16).  Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ.  *See, e.g.*, *Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987).  It is the ALJ's function to determine credibility issues.  *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).  The court does not make its own credibility determinations.  *See Walters v. Commissioner*, 127 F.3d at 528.  The court cannot substitute its own credibility determination for the ALJ's.  The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ."  *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005).  The

Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard.  "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005).  "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476.  "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773.  "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993); *see White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009).

      The objective evidence did not support plaintiff's claims of disabling impairments and her extensive daily activities undercut her claims of disabling pain. *See Walters v. Commissioner*, 127 F.3d at 532; *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *see also Perschka v. Commissioner*, 411 F. App'x 781, 787 (6th Cir. 2010).  The ALJ catalogued the extensive physical activities and household chores that plaintiff is able to perform despite her wrist problems.  All of these findings are well-supported in the medical record. I find that the ALJ's credibility determination regarding plaintiff's subjective complaints (A.R. 15-17) is supported by more than substantial evidence.

**3.**

Plaintiff argues that the ALJ's finding that she retained the RFC for a limited range of light work with restrictions against repetitive gripping, grasping or pinching and repetitive twisting of the wrists (A.R. 15) is not supported by substantial evidence. RFC is the most, not the least, a claimant can do despite her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Griffeth v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007). The ALJ gave controlling weight to the opinions of plaintiff's treating physician, Dr. Peterson. (A.R. 14-15). The ALJ's RFC finding (A.R. 15) incorporated Dr. Peterson's suggested restrictions regarding plaintiff's use of her wrists and hands. The ALJ's administrative finding that plaintiff retained the RFC for a limited range of light work is supported by plaintiff's own physician and is unassailable.

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motion to remand this case to the Commissioner be denied. I further recommend that the Commissioner's decision be affirmed.

Dated: September 8, 2011        /s/  Joseph G. Scoville
                                United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).